# Leon County Clerk of the Circuit Court and Comptroller
## Court Case Search

Full Case View ⓘ                                    **Print Page**

---

### 37 2024 CA 000957 - MILLER, WENDELL DREW vs FLORIDA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|
| | FLORIDA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS , | DEFENDANT | PRO SE | ACTIVE |
| | MILLER, WENDELL DREW | PLAINTIFF | MARIE A MATTOX | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| OTHER DISCRIMINATION | OPEN | 6/12/2024 | | | DEMPSEY |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|
| | | - | | | | | | |

Top of Page

| | Judges Appearing on Case | | |
|---|---|---|---|
| Last Name | First Name | Date Assigned | Source |
| DEMPSEY | ANGELA | 6/14/2024 9:03:01 AM | BM |

Top of Page

**Viewing Option for Sensitive and Confidential Cases**

**Non-Viewable images in Court Cases Requiring Clerk Assistances**



Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order
Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
|---|---|---|---|---|---|---|---|
| 6/12/2024 | 2 | CCS 📄PDF | ☐ ‹‹-*Req $* | CIVIL COVER SHEET | | | BM |
| 6/12/2024 | 3 | COMP_CA 📄PDF | ☐ ‹‹-*Req $* | COMPLAINT | | | BM |
| 6/12/2024 | 4 | SUIS 📄PDF | ☐ ‹‹-*Req $* | SUMMONS ISSUED | | | BM |
| 6/14/2024 | 1 | a002 | | JUDGE DEMPSEY, ANGELA C: ASSIGNED | | | BM |
| 6/14/2024 | 5 | RECEIPT 📄PDF | ☐ ‹‹-*Req $* | PAYMENT $410.00 RECEIPT #1786840 | | | BM |
| 6/15/2024 | 6 | UOCC 📄PDF | | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT E-NOTICED via email on 2024-06-15 | | | BM |

| | | | | | |
|---|---|---|---|---|---|
| 10/11/2024 | 7 | NDOD **PDF** | ☐ ‹‹-*Req $* | email on 2024-06-15<br>NOTICE OF INTENT TO DISMISS<br>FOR LACK OF SERVICE AND<br>ORDER OF DISMISSAL | BM |
| 10/15/2024 | 8 | ROSE **PDF** | ☐ ‹‹-*Req $* | RETURN OF SERVICE<br>EXECUTED-FLORIDA INSTITUTE<br>OF CERTIFIED PUBLIC<br>ACCOUNTANTS SHELLY WEIR,<br>REGISTERED AGENT | BM |
| 10/30/2024 | 9 | MEOR **PDF** | ☐ ‹‹-*Req $* | ORDER REFERRING CASE TO<br>MEDIATION | BM |

[Top of Page](#)

| Event | Date | Start | Location | Judge | Result | Source |
|---|---|---|---|---|---|---|

[Top of Page](#)

| Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| CIRCUIT CIVIL SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

[Top of Page](#)

| | | Ar Plan | | |
|---|---|---|---|---|
| Ordered Amt | Paid | Dismissed | Balance | Delinquent |

[Top of Page](#)

**FORM 1.997.     CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

###### I.      CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT, IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>WENDELL DREW MILLER</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>FLORIDA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS</u>
Defendant

###### II.      AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

###### III.      TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
        ☐ Business governance
        ☐ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐ Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☒ Other
        ☐ Antitrust/Trade regulation
        ☐ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☒ Discrimination—employment or other
        ☐ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**     **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    **V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

     1

    **VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

    **IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox          Fla. Bar # 739685
      Attorney or party                 (Bar # if attorney)

Marie A Mattox                06/12/2024
   (type or print name)             Date

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**WENDELL DREW MILLER,**                    **CASE NO.: 24-CA-**
                                                                    **FLA BAR NO.: 0739685**
      **Plaintiff,**

**v.**

**FLORIDA INSTITUTE OF CERTIFIED
PUBLIC ACCOUNTANTS,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, WENDELL DREW MILLER, hereby sues Defendant, FLORIDA INSTITUTE

OF CERTIFIED PUBLIC ACCOUNTANTS, and alleges:

## NATURE OF THE ACTION

1.       This is an action brought under the Florida Civil Rights Act, codified at Chapter

760, Florida Statutes, 42 U.S.C. §2000e et seq and 29 U.S.C. §621 et seq.

2.       This action involves claims which are, individually, in excess of Fifty Thousand

Dollars ($50,000.00), exclusive of costs and interest.

## THE PARTIES

3.       At all times pertinent hereto, Plaintiff, WENDELL DREW MILLER, has been a

resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a

protected class due to his age and gender.

4.       At all times pertinent hereto, Defendant, FLORIDA INSTITUTE OF CERTIFIED

PUBLIC ACCOUNTANTS has been organized and existing under the laws of the State of Florida.

At all times pertinent to this action, Defendant has been an "employer" as that term is used under

the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, a sixty-one-year-old Caucasian male, began his employment with Defendant in November 1987 and held the position of Corporate Sales Manager at the time of his wrongful termination on December 31, 2022.

7.      Despite his stellar work performance during his employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of his age and gender.

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to Chief Executive Officer Shelly Weir, an approximately forty-one-year-old female, Chief Operating Officer Donna Son an approximately fifty-eight-year-old female, Director of Human Resources Sarah Wright, an approximately thirty-seven-year-old female, and Chief Growth and Innovation Officer Carrie Summerlin, an approximately forty-seven-year-old female.

9.      Plaintiff was a loyal and dedicated employee, was in a manager position for over thirty-five years and had more seniority than any other employee. Plaintiff met or exceeded his sales goals.

10.     In August 2017, Defendant began laying off workers and at that time the labor force was approximately 75% over forty years of age and 25% under forty years of age. Around this time, there were approximately 30% males and 70% female employees.

**Defendant began forcing the resignations and or terminating older employees**

11.     From 2017 through 2022, Defendant methodically fired or forced the resignations of the vast majority of the employees over forty. Some of these employees who were fired or forced to resign were between sixty and sixty-five years of age.

12.     In August 2019, Defendant announced it was relocating Defendant's headquarters from Tallahassee to Orlando by January 2023. A small office was opened in Orlando and Defendant began hiring much younger employees to fill positions previously filled by older workers. Defendant began to notify select employees in the Tallahassee office that they had to relocate to Orlando to keep their jobs.

13.     There were approximately seven employees in Tallahassee, however, who were permitted to remain working at the Tallahassee office. Plaintiff contends that younger and/or female employees were permitted to remain working in the Tallahassee office including: Justin Thames, an approximately forty-one-year-old male, Chika Okoro, an approximately forty-two-year-old female, Suellen Wilkins, an approximately fifty-six-year-old female, Leanne Spell, an approximately sixty-one-year-old female, Kathy Creel, an approximately sixty-seven-year-old female, Paul Brown, an approximately sixty-one-year-old male, and Wright.

14.     The following younger and or female employees were permitted to telework: Mandie MacKensey, an approximately thirty-eight-year-old female, Kathryn Hernandez, an approximately twenty-eight-year-old female, Geraldine Grady, an approximately forty-eight-year-old female, Karen Dow, an approximately fifty-six-year-old female, and Lynn Hepner, an approximately sixty-four-year-old female.

15.     Between 2021 and 2022, Defendant created four new regional sales positions that were filled by younger females who did not have to relocate to Orlando.

16.     From 2020 through 2022, Plaintiff mainly teleworked due to Covid-19 at which time he continued to meet and or exceed his sales goals.

17.     In the Summer 2022, Plaintiff was on a video call with Weir and Son.  At that time, they asked Plaintiff if he had decided if he was moving to Orlando and said in order for him to keep his job he had to relocate to Orlando. Plaintiff said that Orlando was in a real estate bubble and the housing cost would cost him far more in Orlando.  He said that it was too financially risky to buy a home at a bubble price.

18.     Plaintiff asked if he could continue to work in Tallahassee or telework.  Weir and Son denied Plaintiff's requests. But there were four newly hired, younger regional sales employees who were working remotely performing the same basic position as Plaintiff.

19.     In August 2022, Son and Wright told Plaintiff over a video-call that his last day would be December 31, 2022 and also tried to convince him to sign a contract asserting that he would not sue Defendant in the future. Son and Wright told Plaintiff they were terminating him because he would not move to Orlando which Plaintiff believed was a farse because of the four significantly younger females who were hired to replace him.

20.     In the Fall 2022, Plaintiff was required to train his replacement a thirty-eight-year-old female, Marjorie Stone.

21.      Plaintiff was wrongfully terminated effective December 31, 2022.

22.     Plaintiff was treated less favorably than workers outside of his protected class. By way of example, younger and and/or primarily female employees were permitted to remain working in the Tallahassee office including: Thames, Okoro, Wilkins, Spell, Creel, Brown, and Wright.  The following employees were permitted to telework: MacKensey, Hernandez, Grady, Dow, and Hepner.

4

23.    Plaintiff was not permitted to remain working in Tallahassee nor to telework.

24.    After the expulsion of Plaintiff and his older coworkers, Defendant's workplace became approximately 85% female and 15% male.

25.    In 2017, the workplace was comprised of 75% over forty employees and 25% under forty employees.  As of March 7, 2023 approximately 55% of employees are over the age of forty and 45% are under the age of forty.

26.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## AGE DISCRIMINATION

27.    Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28.    This is an action against Defendant for discrimination based upon age.

29.    Plaintiff has been the victim of discrimination on the basis of his age in that he was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

30.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and

facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

31.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

32.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

33.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

34.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief, punitive damages and liquidated damages.

## COUNT II
## GENDER DISCRIMINATION

35.     Paragraphs 1 through 26 are re-alleged and incorporated herein by reference.

36.     This is an action against Defendant for discrimination based upon gender.

37.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are female and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender.

38.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

39.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

40.     Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

41.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

42.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in part, to Plaintiff's termination.

43.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender.

44.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 12th day of June 2024.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA**

**WENDELL DREW MILLER,**              **CASE NO.: 24-CA-**
                                      **FLA BAR NO.: 0739685**

      **Plaintiff,**

**v.**

**FLORIDA INSTITUTE OF CERTIFIED**              **SUMMONS**
**PUBLIC ACCOUNTANTS,**

      **Defendant.**
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **FLORIDA INSTITUTE OF CERTIFEID PUBLIC ACCOUNTANTS**
      **SHELLY WEIR, REGISTERED AGENT**
      **250 SOUTH ORANGE AVENUE SUITE 300P**
      **ORLANDO, FL 32801**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2023.

               CLERK OF THE CIRCUIT COURT

               By:_____



# LEON COUNTY Receipt of Transaction
## Receipt #    1786840

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A. Mattox P.A.

,

**On Behalf Of:**

On: 6/14/2024  9:03:06AM
Transaction # 101078706
Cashiered by: L WILLIAMS

,

| CaseNumber  2024 CA 000957 |
|---|

**Judge   ANGELA C DEMPSEY**

**WENDELL DREW MILLER  *VS*  FLORIDA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |
| **Grand Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 200443717 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | **Payments Total:** | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**WENDELL DREW MILLER**

     Plaintiff

vs                                             CASE NO.: 2024 CA 000957

  **FLORIDA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS**

     Defendant

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

## I. PROJECTED TRIAL DATE

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
150 days after filing: Service under any Extension of Time
180 days after filing: Adding New Parties
210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
270 days after filing: Completion of Fact and Expert Discovery
270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
180 days after filing: Service under any Extension of Time
210 days after filing: Adding New Parties
270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
400 days after filing: Completion of Fact and Expert Discovery
450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an  immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Saturday, June 15, 2024
ANGELA C DEMPSEY CIRCUIT JUDGE

ANGELA C DEMPSEY
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

Case 4:24-cv-00445-RH-MAF   Document 1-2   Filed 11/04/24   Page 21 of 25

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN
AND FOR LEON COUNTY, FLORIDA

WENDELL MILLER,
    Plaintiff,

CASE NO.: 2024 CA 957

vs.

FLORIDA INSTITUTE OF
CERTIFIED PUBLIC ACCOUNTANTS,
    Defendant.

_____/

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE AND ORDER OF DISMISSAL

**THIS MATTER** came before this Court upon a review of the docket indicating that no service has been obtained on the defendant within 120 days of filing as required in Fla.R.Civ.P. 1.070(j) on the Complaint filed June 12, 2024. It is therefore

**ORDERED AND ADJUDGED** as follows:

1.    The Plaintiff shall have 30 days from the date of this order to obtain service for defendant or the Plaintiff shall file a motion alleging facts that support a finding of good cause for this Court to allow additional time to serve defendant.

2.    If service is not obtained within 30 days on defendant and the docket shows no order finding good cause, the case will be dismissed without prejudice without further court order.

**DONE AND ORDERED** in Tallahassee, Florida this 11 day of Oct., 2024.

Angela C. Dempsey
Circuit Judge

Copies furnished to:
Marie Mattox, Attorney for Plaintiff

# VERIFIED RETURN OF SERVICE

Job # T244215

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| WENDELL DREW MILLER | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2024 CA 000957** |
| FLORIDA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS | |

**Service Info:**

**Received by BENNY GONZALEZ: on October, 11th 2024 at 11:07 AM**
**Service:** I Served **FLORIDA INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS SHELLY WEIR, REGISTERED AGENT**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER**
by leaving with **SHELLY WEIR, REGISTERED AGENT**

At **BUSINESS 250 SOUTH ORANGE AVE. SUITE 300P ORLANDO, FL 32801**
On **10/14/2024** at **11:00 AM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

**Served Description:  (Approx)**

Age: **35**, Sex: **Female**, Race: **White-Caucasian**, Height: **5' 7"**, Weight: **160**, Hair: **Black**  Glasses:  **No**

I **BENNY GONZALEZ** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**BENNY GONZALEZ**
Lic # **180016 & 0298**

**ACCURATE SERVE TALLAHASSEE**
400 CAPITAL CIRCLE SE SUITE 18291
Tallahassee, FL 32301

Client # WENDELL DREW MILLER
Ref # ORL244960




1 of 1

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

WENDELL MILLER,
    Plaintiff(s)

CASE NO: 2024 CA 957

vs.

FLORIDA INSTITUTE OF
CERTIFIED PUBLIC ACCOUNTANTS,
    Defendant(s).

_____/

## ORDER REFERRING CASE TO MEDIATION

THIS CAUSE was considered *sua sponte* for referral to mediation. Therefore, it is hereby,

### ORDERED AND ADJUDGED:

1. This matter is referred to mediation, and mediation shall be completed within 90 days from the date of this order.

2. The mediation shall be conducted in accordance with these order as well applicable provisions of Section 44.102, Florida Statutes and Rules 1.700 - 1.730, Florida Rules of Civil Procedure.

3. Within 10 days of this order, the parties shall stipulate to a mediator. If the parties cannot agree on a mediator, the plaintiff shall notify the Court and the Court shall appoint a mediator.

4. All parties, including non-counsel representatives of corporate parties, are required to personally attend this and any additional mediation conference scheduled. Corporate parties must send a corporate representative with full and absolute authority to settle the case without further consultation. A party may obtain legal counsel for purposes of mediation; however, counsel's appearance does not alleviate the

requirement that the party, or corporate representative, personally attend the mediation conference.  Parties and counsel may attend by video.

5.   In the case of a government entity, a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision making body of the entity must attend the mediation conference.

6.   If insurance is involved in the action, the insurance carrier shall send a company representative who has full and absolute authority to resolve the matter without further consultation.

7.   Pursuant to Rule 1.720(d), Florida Rules of Civil Procedure, the mediator shall at all times be in control of the mediation and the procedures to be followed in the mediation.  The participants in the mediation conference should be prepared to spend as much time is reasonably necessary to settle the case or until the mediator declares an impasse and adjourns the conference.

8.   All parties are ordered to complete such discovery as they deem sufficient for the settlement of the case prior to the mediation conference.

9.   The mediator shall be compensated at a rate to be agreed upon between the parties and the mediator, which cost shall be borne by the parties equally, unless otherwise agreed.

10.   The plaintiff or plaintiff's counsel shall notify the Court in writing immediately of any settlement or dismissal of this action.  If the matter is not settled at mediation, the parties shall notify the Court in writing immediately and request that a trial date be set.

11.   Failure of any party to comply with the terms of this Order may result in involuntary dismissal, default judgment, or other appropriate sanctions as provided by the Florida Rules of Civil Procedure.

**DONE AND ORDERED** in Tallahassee, Leon County, Florida, on this _30_

day of _Oct_, 2024.

_____
ANGELA C. DEMPSEY
CIRCUIT JUDGE

Copies to:
Marie Mattox, Attorney for Plaintiff
FL Institute of CPAs, 200 S. Orange Ave., Orlando, FL  32801